LARA R. SHAPIRO (State Bar No. 227194)
4145 Via Marina # 324
Marina del Rey, CA 90292
Telephone:  (310) 577-0870
Facsimile:  (424) 228-5351

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Elizabeth Morelos

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| Elizabeth Morelos,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>General Revenue Corporation; and DOES 1-10, inclusive,<br><br>　　　　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF FAIR DEBT COLLECTION practices ACT, 15 U.S.C. § 1692 et. seq;**<br>**2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 ET. SEQ.**<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Elizabeth Morelos, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Elizabeth Morelos (hereafter "Plaintiff"), is an adult individual residing at 4335 N. Anna Street Fresno, California 93726, and are each a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, General Revenue Corporation (hereafter "Defendant"), is a company with an address of 11501 Northlake Drive Cincinnati, Ohio 45249-1643, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

2

6. Does 1-10 (the "Collectors") are individual collectors employed by General Revenue Corporation and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. General Revenue Corporation at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Debt**

8. The Plaintiff incurred a financial obligation in the approximate amount of $6075.05 (the "Debt") to Sallie Mae Foundation (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to General Revenue Corporation for collection, or General Revenue Corporation was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.      General Revenue Corporation Engages in Harassment and Abusive Tactics**

12.   The Defendants has placed two (2) calls to Plaintiff in one day, every day, in an attempt to collect the Debt.

13.   The Defendants were rude and hostile and used abusive language when speaking with Plaintiff. The Defendants claimed that if the Plaintiff didn't give her bank account number over the phone to them "right now" that they would start garnishing her wages up to $260.00 a paycheck. The Plaintiff asked for something in writing because she was uncomfortable with giving her bank account number over the phone, the Defendant refused, she said that she would not give anything in writing until the Plaintiff gave her bank account number.

14.   The Defendants threatened the Plaintiff with garnishing her tax refund.

15.   The Defendants threatened the Plaintiff with ruining her credit.

16.   The Defendants failed to identify themselves when speaking to Plaintiff.

17.   The Defendants have placed multiple calls to Plaintiff's place of employment after being specifically asked not to by the Plaintiff.

18.   The Defendants have caused Plaintiff to miss work. The Plaintiff is extremely stressed from Defendant's harassment; she is losing hair and having abdominal pains.

4

### C. **Plaintiff Suffered Actual Damages**

19. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

20. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

21. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, et seq.

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

24. The Defendants contacted the Plaintiff at her place of employment, knowing that the Plaintiff's employer prohibited such communications, in violation of 15 U.S.C. § 1692c(a)(3).

5

25. The Defendants used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

26. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

27. The Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency, in violation of 15 U.S.C. § 1692d(6).

28. The Defendants threatened the Plaintiff with garnishment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

29. The Defendants threatened to communicate false credit information, in violation of 15 U.S.C. § 1692e(8).

30. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

32. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

6

33. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

34. General Revenue Corporation, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

35. The Defendants threatened the Plaintiff with garnishment or attachment of his wages if the debt was not paid, without intending to institute such proceedings, in violation of Cal. Civ. Code § 1788.10(e).

36. The Defendants used obscene and profane language when speaking with the Plaintiff, in violation of Cal. Civ. Code § 1788.11(a).

37. The Defendants did not disclose the identity of the debt collection agency when communicating with the Plaintiff, in violation of Cal. Civ. Code § 1788.11(b).

38. The Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

39. The Defendants communicated with the Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

40. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

41. The Defendants communicated with the Plaintiff's employer about the Plaintiff's debt, without consent of the Plaintiff's attorney or the Plaintiff, and without

the purpose of verifying location or employment information, in violation of Cal. Civ. Code § 1788.12(a).

42. The Defendants falsely represented that information about the Plaintiff's alleged failure to pay the debt would be referred to a credit reporting agency, in violation of Cal. Civ. Code § 1788.13(f).

43. The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

44. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

    C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

    D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 per violation for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

G. Punitive damages; and

H. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  March 8, 2011                          LARA SHAPIRO


By: */s/   Lara R. Shapiro*
Lara R. Shapiro

Attorney for Plaintiff
Elizabeth Morelos

9